RUSSELL M. SELMONT (SBN 252522)
    rselmont@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325

Attorneys for Plaintiff WEBMAGIC VENTURES, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WEBMAGIC VENTURES, LLC, a California limited liaiblity company,<br><br>   Plaintiff,<br><br>  v.<br><br>DEUX RON, INC., a Tennessee corporation; RON HENSLEY, an individual; and ERIC HENSLEY, an individual,<br><br>   Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT;**<br>2. **COMMON LAW TRADEMARK INFRINGEMENT**<br>3. **REFUSAL OF DEFENDANT DEUX RON, INC.'S TRADEMARK APPLICATION;**<br>4. **FEDERAL UNFAIR COMPETITION; and**<br>5. **CALIFORNIA UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

ERVIN COHEN & JESSUP LLP

14038.16:9295082.2

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiff WebMagic Ventures, LLC. ("Plaintiff"), a limited liability company

2    having a principal place of business at 530 S. Lake Ave., Ste. 450, Pasadena, CA

3    91101, by and through its counsel, for its Complaint against Defendants, collectively

4    and individually, Deux Ron Inc., a Tennessee corporation, Ron Hensley, an

5    individual, and Eric Hensley, an individual (hereinafter "Defendants"), complains

6    and alleges as follows:

## INTRODUCTION

8    1.    Plaintiff brings this Action to stop Defendants' unlawful and infringing

9    conduct in advertising, marketing, and offering entertainment services, namely, *inter*

10   *alia*, providing facilities for recreation activities, providing amusement arcade

11   services, and amusement arcades under the "ARCADIA" brand ("Infringing

12   Services"), the provision of which has caused Plaintiff significant monetary

13   damages and harm to Plaintiff's brand and reputation and has caused significant

14   consumer confusion as to the commercial source of these Infringing Services.

## THE PARTIES

16   2.    Plaintiff, WebMagic Ventures, LLC, is and at all times herein was a

17   California limited liability company having a principal place of business at 530 S.

18   Lake Ave., Ste. 450, Pasadena, CA 91101.

19   3.    Plaintiff is informed and believes, and thereon alleges, that Defendant

20   Deux Ron Inc. is, and at all times mentioned herein was, a Tennessee corporation

21   having a principal place of business at 115 Historic Nature Trail, Gatlinburg, TN

22   37738.

23   4.    Plaintiff is informed and believes, and thereon alleges, that Defendant

24   Ron Hensley is, and at all times mentioned herein was, an individual having a

25   principal place of business at 115 Historic Nature Trail, Gatlinburg, TN 37738 and

26   serves as President and C.E.O. of Deux Ron Inc.

27   5.    Plaintiff is informed and believes, and thereon alleges, that Defendant

28   Eric Hensley is, and at all times mentioned herein was, an individual having a

ERVIN COHEN & JESSUP LLP

1 | principal place of business at 115 Historic Nature Trail, Gatlinburg, TN 37738 and
2 | serves as Vice President of Deux Ron Inc.

3 |     6.    Plaintiff is informed and believes that Defendants engage in infringing
4 | entertainment services, namely, providing facilities for recreation activities,
5 | providing amusement arcade services and amusement arcades under the brand
6 | "ARCADIA", and Defendants heavily rely on online marketing of said services.

7 | **JURISDICTION**

8 |     7.    This Court has original subject matter over this action pursuant to 28
9 | U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this action arises under the
10 | laws of the United States, and because it involves allegations regarding trademark
11 | violations.

12 |     8.    This Court has supplemental jurisdiction under 28 U.S.C. §§ 1338(b)
13 | and 1367 for all claims in this Complaint that are based upon state law because
14 | those claims arise from the same controversy as the claims being made under a
15 | federal statute.

16 |     9.    This Court has personal jurisdiction over Defendants for many reasons.
17 | First, as evidenced in Illustration 1, Defendants have serviced at least one customer
18 | who purports to reside in California.  Illustration 1:  Screenshot of Defendants' self
19 | described "Arcadia" business review page on Yelp; June 28, 2018

_ERVIN COHEN & JESSUP_ LLP

Arcadia - 31 Photos & 18 Reviews - Arcades - 115 Historic Nature Trl, G...    https://www.yelp.com/biz/arcadia-gatlinburg

while I was there.

Sam P.
Riverside, CA
131 friends
2 reviews

8/20/2016
Lots of games; love it. However the fun dwindles when you
find out that the manager is racist. Her last departing words
were: "This is the United States".

P.S. Nikki I don't think it is a good idea to tell a customer to
grow up.

3
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    The customer, Sam P., of Riverside, CA wrote a Yelp review of Defendants'
2 self-described "Arcadia" business stating, "Lots of games; love it.  However the fun
3 dwindles when you find out the manager is racist. Her last departing words were:
4 'This is the United States'".

5    Second, the acts complained of arise out of and relate to Defendants'
6 marketing of its services within the Central District of California.  Third, Defendants
7 are applying for nationwide Federal Trademark protection for the term "ARCADIA"
8 including protection in the Central District of California in relation with the
9 Infringing Services, and affording Defendants this protection would cause
10 significant consumer confusion for customers located in the Central District of
11 California as to the source of Defendants' Infringing Services.  Fourth, as seen in
12 Illustration 2, Defendants are selling tickets on its website for an "Arcadia Play
13 Card" for arcade game play and consumers from all over the world may purchase
14 these tickets including those customers located in the Central District of California.
15 Illustration 2:  Screenshot of Defendants' website showing international offer for
16 sale of "Arcadia Play Cards"; June 28, 2018.



14038.16:9295082.2

4

ERVIN COHEN & JESSUP LLP

1    10.    Venue for this action also properly lies in the Central District of

2  California pursuant to 28 U.S.C. § 1391(b)(2) & (3) because a substantial part of the

3  events or omissions giving rise to the claim occurred, a substantial part of property

4  that is the subject of the action is situated, and defendants are subject to the court's

5  personal jurisdiction with respect to such action.

6                       **FACTUAL ALLEGATIONS**

7    **A.    PLAINTIFF'S ARCADIA BUSINESS AND MARKS**

8    11.    Plaintiff's Penny Arcadia ("Arcadia" and "Penny Arcadia") was

9  incorporated in the United Kingdom on November 21, 1980 by Jon Gresham.  By

10  1991, Arcadia was internationally recognized and was promoting amusement

11  industries in the state of Illinois.  In 2003, Greg McLemore took over and

12  transferred operations of Arcadia to California and expanded the Arcadia line of

13  business to include Video Arcadia and Pinball Arcadia, the trademark rights and

14  goodwill inuring to the benefit of WebMagic Ventures LLC.  In and around August

15  2004 WebMagic Ventures LLC registered the following domains:

16  PennyArcadia.com; PennyArcadia.org; Penny-Arcadia.com; Penny-Arcadia.org;

17  PennyArcadia.net; PennyArcadia.co.uk; and Penny-Arcadia.co.uk..

18    12.    In July 2005, Arcadia and Greg McLemore hosted a major two-day

19  festival, show, and exposition in Los Angeles, California in conjunction with the

20  Coin Operated Collectors Association. The event was attended by visitors from

21  throughout North America, the United Kingdom, and Australia and included

22  hundreds of early coin-operated amusement machines, antique slot machines, early

23  coin-operated music machines, several coin-operated automata, modern coin-

24  operated video games, and home videogame consoles, the vast majority of which

25  were playable by visitors.  The original 1981 Penny Arcadia sign was hung at the

26  event for all visitors to see.  Arcadia's brand along with the popularity of Arcadia

27  hosted events continues to grow to this day.

28    13.    Plaintiff has invested substantial effort and resources to develop and

ERVIN COHEN & JESSUP LLP

promote public recognition of the ARCADIA-related marks including PENNY ARCADIA, VIDEO ARCADIA, PINBALL ARCADIA, and ARCADIA (herinafter "the Arcadia Marks"). Plaintiff has built up tremendous goodwill and brand reputation among consumers through its significant investment in advertising, promoting, and delivering of services of the highest quality under Plaintiff's federally-registered trademarks.  Defendants' engagement in Infringing Services, as alleged further below, is believed to have caused consumer confusion and undermines, diminishes, and tarnishes Plaintiff's ARCADIA brand, reputation, and goodwill among consumers and members of the trade.

14.    Plaintiff has caused several trademarks to be registered on the Principal Register of the U.S. Patent and Trademark Office in connection with a range of goods and services including those identified below. The registered trademarks include, but are not limited to, the following:

| | Plaintiff's US Reg. No. 3,900,759 |
|---|---|
| Drawing | PENNY ARCADIA |
| Description of the Mark | The Mark consist of the terms "PENNY ARCADIA" without claim to any particular font style, size, or color. |
| Services in Class 41 | Conducting an on-line entertainment and education exhibition, in the field of the coin-operated machine, vending, antique slot machine, amusement, scale model, and videogame industries, namely, its art, history, inventions, people, sociology, and the educational and entertainment aspects and influences thereof |
| Services in Class 35 | Advertising, marketing and promotion services; art galleries; association services, namely, promoting the interests of those interested in the coin-operated machine, vending, antique slot machine, amusement, scale model, and videogame industries; club services, namely, promoting the interests of those interested in the coin-operated machine, vending, antique slot machine, amusement, scale model, and videogame industries; conducting an on-line trade-show exhibition, in the field of the coin-operated machine, vending, antique slot machine, amusement, |

ERVIN COHEN & JESSUP LLP

scale model, and videogame industries; conducting market surveys; demographic consultation and studies; flea markets; market research; marketing services, namely, providing advertising videos to promote the coin-operated machine, vending, antique slot machine, amusement, scale model, and videogame industries; organization of events, exhibitions, fairs and shows for commercial, promotional and advertising purposes; organizing, promoting and conducting exhibitions and trade-shows for business purposes featuring booths and displays relating to antiques and collectibles; promoting public awareness of the coin-operated machine, vending, antique slot machine, amusement, scale model, and videogame industries, and awareness of the art, history, inventions, science, mechanisms, people, or sociology, and business, educational and entertainment aspects and influences of the aforementioned industries; promotional services, namely, promoting the charities of others; providing information and news in the field of business; provision of market research information; public opinion polling; public opinion surveys; public relations; rental of vending machines; retail shops featuring machines, books, DVDs, toys, gifts, and other items related to or about the coin-operated machine, vending, antique slot machine, amusement, scale model, and videogame industries, and the art, history, inventions, science, mechanisms, people, or sociology, and business, educational and entertainment aspects and influences of the aforementioned industries; shoppers' guide information; vending machine services

15.   Plaintiff's ARCADIA Marks have been extensively and continuously used in interstate commerce to identify and distinguish Plaintiff's high quality entertainment and arcade services. Plaintiff has serviced customers throughout the United States, including service to customers in the state of California. The ARCADIA Marks have been in use by Plaintiff since long before Defendants' promotion and sale of its Infringing Services under the ARCADIA Mark.

16.   The ARCADIA Marks are symbols of the Plaintiff's services' origin, quality, reputation, and goodwill and have never been abandoned.

17.   Plaintiff and its predecessors in interest have expended substantial time, money, and other resources developing, advertising, and otherwise promoting the ARCADIA brand and Marks over the past 37+ years such that the relevant consumers exclusively associate the PENNY ARCADIA Mark and ARCADIA brand with Plaintiff's services.

ERVIN COHEN & JESSUP LLP

18.     The PENNY ARCADIA Mark is inherently distinctive and has attained secondary meaning as an identifier of high quality entertainment and arcade services.

19.     Plaintiff has carefully monitored and policed the use of the PENNY ARCADIA Marks and the PENNY ARCADIA Marks have never been assigned or licensed to the Defendants in this matter.

20.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this action Defendants had full and actual knowledge of Plaintiff's ownership of the PENNY ARCADIA Marks, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated with the PENNY ARCADIA Marks, in addition to the constructive knowledge that Defendants had arising from Plaintiff's federal trademark registrations for the PENNY ARCADIA Marks including those not referenced herein. Defendants have further been on express notice of Plaintiff's rights since December 15, 2017, when it received a notice of Opposition number 91238419 filed in the United States Patent and Trademark Office against Defendant, Deux Ron Inc.'s Trademark application for the term ARCADIA in connection with Defendants' Infringing Services.

**B.     DEFENDANTS' INFRINGING ACTIVITIES**

21.     Plaintiff is informed and believes, and thereon alleges, that Defendants offered for sale, sold and/or distributed Infringing Services under the ARCADIA Mark. Specifically, upon information and belief, Defendants are using the ARCADIA Mark for inferior services which are not authorized by Plaintiff. Plaintiff has used the PENNY ARCADIA Mark extensively and continuously before Defendants began offering confusingly similar Infringing Services under the term ARCADIA.

22.     On May 17, 2017 Defendant, Deux Ron Inc. filed US trademark application number 87/453,154 ("the Application").  Defendant filed the Application without permission from Plaintiff.  The Application identifies services

ERVIN COHEN & JESSUP LLP

1  as including "Entertainment services, namely, providing facilities for recreation

2  activities; providing amusement arcade services; amusement arcades" in class 41.

3  The Mark of the Application consists of the term "ARCADIA".  The Mark of the

4  Application consists of standard characters without claim to any particular font

5  style, size, or color.  On October 17, 2017, the USPTO published the Application for

6  opposition.

7      23.    The Defendants' infringing Trademark Application includes:

| | Applicant's US App. No. 87/453,154 |
|---|---|
| Drawing | ARCADIA |
| Description of the Mark | The Mark consist of the term "ARCADIA" without claim to any particular font style, size, or color. |
| Services in Class 41 | Entertainment services, namely, providing facilities for recreation activities; providing amusement arcade services; amusement arcades |

18      24.    The table above accurately reproduces the drawing of the Mark of the

19  Application.

20      25.    The table above accurately quotes the services identified in the

21  Application.

22      26.    The Application identifies services as including "Entertainment

23  services, namely, providing facilities for recreation activities; providing amusement

24  arcade services; amusement arcades" in class 41.

25      27.    The Mark of the Application consists of the term "ARCADIA".

26      28.    The Mark of the Application consists of standard characters without

27  claim to any particular font style, size, or color.

28      29.    Plaintiff is informed and believes, and based thereon alleges, that

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

1  Applicant did not use the Mark ARCADIA in the United States prior to December

2  31, 2009.

3       30.    Plaintiff is informed and believes, and based thereon alleges, that

4  Applicant did not use the Mark ARCADIA in the United States prior to December

5  31, 2008.

6       31.    Plaintiff is informed and believes, and based thereon alleges, that

7  Applicant did not use the Mark ARCADIA in the United States prior to December

8  31, 2007.

9       32.    Plaintiff is informed and believes, and based thereon alleges, that

10  Applicant did not use the Mark ARCADIA in the United States prior to December

11  31, 2006.

12       33.    Plaintiff is informed and believes, and based thereon alleges, that

13  Applicant did not use the Mark ARCADIA in the United States prior to December

14  31, 2005.

15       34.    Plaintiff is informed and believes, and based thereon alleges, that

16  Applicant did not use the Mark ARCADIA in the United States prior to August 28,

17  2004.

18       35.    Plaintiff is informed and believes, and based thereon alleges, that

19  Applicant did not use the Mark ARCADIA in the United States in conjunction with

20  and to identify the services listed in the Application prior to December 31, 2009.

21       36.    Plaintiff is informed and believes, and based thereon alleges, that

22  Applicant did not use the Mark ARCADIA in the United States in conjunction with

23  and to identify the services listed in the Application prior to December 31, 2008.

24       37.    Plaintiff is informed and believes, and based thereon alleges, that

25  Applicant did not use the Mark ARCADIA in the United States in conjunction with

26  and to identify the services listed in the Application prior to August 28, 2004.

27       38.    Plaintiff is informed and believes, and based thereon alleges, that

28  Applicant did not use the Mark ARCADIA in the United States prior to Plaintiff's

1  use of the Mark PENNY ARCADIA in commerce in the United States.

2      39.    Plaintiff is informed and believes, and based thereon alleges, that

3  Applicant did not use the Mark ARCADIA in the United States prior to Plaintiff's

4  common law use of the Mark ARCADIA in commerce in the United States.

5      40.    Despite notice of Plaintiff's superior rights in the ARCADIA brand and

6  PENNY ARCADIA Marks, Defendants continue to offer for sale and promote its

7  Infringing Services under the term ARCADIA.

8  **FIRST CLAIM FOR RELIEF**

9  **(Federal Trademark Infringement; 15 U.S.C. § 1114)**

10      41.    Plaintiff incorporates the preceding paragraphs of this Complaint as if

11  fully set forth herein.

12      42.    Plaintiff's ARCADIA Mark is a valid, protectable trademark that is

13  registered on the principal register in the United States Patent and Trademark

14  Office.

15      43.    As described in more detail above, Defendants have used and sold

16  Infringing Services bearing the ARCADIA Mark in connection with the marketing,

17  promotion, and sale of their services without Plaintiff's consent, in a manner that is

18  likely to cause confusion and/or mistake, or that has deceived members of the

19  consuming public and/or the trade.  Defendants' promotion and sale of Infringing

20  Services, and infringing activities, are likely to cause confusion, mistake, and

21  deception among members of the trade and the general consuming public as to the

22  origin, sponsorship, and quality of Defendants' Infringing Services and other related

23  commercial activities.

24      44.    Plaintiff would have no control over the nature or quality of the

25  services identified in the Application should they be provided or produced by

26  Applicant under the Mark ARCADIA.

27      45.    Plaintiff has been, and continues to be, damaged by Defendants'

28  infringement, including by suffering irreparable harm through the diminution of

ERVIN COHEN & JESSUP LLP

14038.16:9295082.2

11

1  trust and goodwill among Plaintiff's consumers and members of the general

2  consuming public and the trade.

3      46.    As a result of Defendants' infringement of the ARCADIA Marks,

4  Plaintiff is entitled to an injunction, as set forth below, and an Order of destruction

5  of all of Defendants' infringing materials under Defendants' possession, custody

6  and/or control.

7      47.    Plaintiff is also entitled to all monetary relief and other remedies

8  available under the Lanham Act, including but not limited to treble damages and/or

9  actual profits, reasonable attorneys' fees, costs, and prejudgment interest, and/or

10  statutory damages.

11                **SECOND CLAIM FOR RELIEF**

12      **(Common Law Trademark Infringement; 15 U.S.C. § 1119)**

13      48.    Plaintiff incorporates the preceding paragraphs of this Complaint as if

14  fully set forth herein.

15      49.    As described in more detail above, Defendants have used and sold

16  Infringing Services bearing the ARCADIA Mark in connection with the marketing,

17  promotion, and sale of their services without Plaintiff's consent, in a manner that is

18  likely to cause confusion and/or mistake, or that has deceived members of the

19  consuming public and/or the trade.  Defendants' promotion and sale of Infringing

20  Services, and infringing activities, are likely to cause confusion, mistake, and

21  deception among members of the trade and the general consuming public as to the

22  origin, sponsorship, and quality of Defendants' Infringing Services and other related

23  commercial activities.

24      50.    Plaintiff has been, and continues to be, damaged by Defendants'

25  infringement, including by suffering irreparable harm through the diminution of

26  trust and goodwill among Plaintiff's consumers and members of the general

27  consuming public and the trade.

28      51.    Plaintiff is informed and believes, and based thereon alleges, that

ERVIN COHEN & JESSUP LLP

14038.16:9295082.2

12

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 Defendants have committed the infringement described above knowing of Plaintiff's
2 Federal Trademark rights in the PENNY ARCADIA trademark and common law
3 rights in the brand ARCADIA and knowing that Defendants' unauthorized use of the
4 mark is likely to cause confusion. Defendants have thus willfully, knowingly, and
5 maliciously deceived and confused the relevant consuming public, and in so doing
6 has acted with fraud, oppression, or malice. As such, in addition to the other relief
7 sought herein, Plaintiff is entitled to an award of punitive damages.

8    52.    As a result of Defendants' infringement of the PENNY ARCADIA
9 Mark and common law ARCADIA brand, Plaintiff is also entitled to preliminary
10 and permanent injunctive relief, as set forth below, and an Order of destruction of all
11 of Defendants' infringing and materials under Defendants' possession, custody
12 and/or control.

13   53.    Plaintiff is also entitled to all monetary relief and other remedies
14 available including but not limited to treble damages and/or actual profits,
15 reasonable attorneys' fees, costs, and prejudgment interest, and/or statutory
16 damages.

17                    **THIRD CLAIM FOR RELIEF**

18 **(Refusal of Defendant Deux Ron Inc.'s Infringing Trademark Application;**

19                    **15 U.S.C. § 1119)**

20   54.    Plaintiff incorporates the preceding paragraphs of this Complaint as if
21 fully set forth herein.

22   55.    On June 29, 2010 Plaintiff filed US trademark application number
23 85/074,444.

24   56.    On October 19, 2010 the USPTO published US trademark application
25 number 85/074,444 for opposition.

26   57.    No one filed an opposition to US trademark application number
27 85/074,444.

28   58.    On January 4, 2011, US trademark application number 85/074,444 was

ERVIN COHEN & JESSUP LLP

1   registered by the USPTO when it duly granted US trademark registration number

2   3,900,759 ("the Registration") to Plaintiff.

3       59.    The current owner of US Trademark Registration 3,900,759 is

4   WebMagic Ventures, LLC, a limited liability company.

5       60.    The Registration identifies, inter alia, services including "Conducting

6   an on-line entertainment and education exhibition, in the field of the coin-operated

7   machine, vending, antique slot machine, amusement, scale model, and videogame

8   industries, namely, its art, history, inventions, people, sociology, and the educational

9   and entertainment aspects and influences thereof" in class 41.

10      61.    The Registration identifies, inter alia, services including "Advertising,

11  marketing and promotion services; art galleries; association services, namely,

12  promoting the interests of those interested in the coin-operated machine, vending,

13  antique slot machine, amusement, scale model, and videogame industries; club

14  services, namely, promoting the interests of those interested in the coin-operated

15  machine, vending, antique slot machine, amusement, scale model, and videogame

16  industries; conducting an on-line trade-show exhibition, in the field of the coin-

17  operated machine, vending, antique slot machine, amusement, scale model, and

18  videogame industries; conducting market surveys; demographic consultation and

19  studies; flea markets; market research; marketing services, namely, providing

20  advertising videos to promote the coin-operated machine, vending, antique slot

21  machine, amusement, scale model, and videogame industries; organization of

22  events, exhibitions, fairs and shows for commercial, promotional and advertising

23  purposes; organizing, promoting and conducting exhibitions and trade-shows for

24  business purposes featuring booths and displays relating to antiques and collectibles;

25  promoting public awareness of the coin-operated machine, vending, antique slot

26  machine, amusement, scale model, and videogame industries, and awareness of the

27  art, history, inventions, science, mechanisms, people, or sociology, and business,

28  educational and entertainment aspects and influences of the aforementioned

ERVIN COHEN & JESSUP LLP

14

1   industries; promotional services, namely, promoting the charities of others;

2   providing information and news in the field of business; provision of market

3   research information; public opinion polling; public opinion surveys; public

4   relations; rental of vending machines; retail shops featuring machines, books,

5   DVDs, toys, gifts, and other items related to or about the coin-operated machine,

6   vending, antique slot machine, amusement, scale model, and videogame industries,

7   and the art, history, inventions, science, mechanisms, people, or sociology, and

8   business, educational and entertainment aspects and influences of the

9   aforementioned industries; shoppers' guide information; vending machine services"

10  in class 35.

11       62.    Plaintiff has extensively used the PENNY ARCADIA Mark in the US

12  in conjunction with and to identify services including providing facilities for

13  recreation activities; providing amusement arcade services; and amusement arcades.

14       63.    Plaintiff has obtained extensive common law rights in the PENNY

15  ARCADIA Mark in the US in conjunction with and to identify various goods and

16  services.

17       64.    Plaintiff has obtained extensive common law rights in the ARCADIA

18  Mark in the US in conjunction with and to identify various goods and services.

19       65.    Plaintiff has substantial trademark rights in the United States for the

20  Mark in the Registration.

21       66.    The Mark in the Registration consists of standard characters without

22  claim to any particular font style, size, or color.

23       67.    The Mark in the Registration contains the term "ARCADIA".

24       68.    The Registration became incontestable for Classes 035 and 041 under

25  Section 15 of the Trademark Act, 15 U.S.C. §1065 on or about March 9, 2017.

26       69.    On May 17, 2017 Defendant, Duex Ron Inc. filed US trademark

27  application number 87/453,154 ("the Application").  Defendant filed the

28  Application without permission from Plaintiff.  The Application identifies services

ERVIN COHEN & JESSUP LLP

1  as including "Entertainment services, namely, providing facilities for recreation

2  activities; providing amusement arcade services; amusement arcades" in class 41.

3  The Mark of the Application consists of the term "ARCADIA".  The Mark of the

4  Application consists of standard characters without claim to any particular font

5  style, size, or color.  On October 17, 2017, the USPTO published the Application for

6  opposition.

7       70.    The Mark of the Application consists of the term "ARCADIA".

8       71.    Plaintiff is informed and believes, and based thereon alleges, that

9  Applicant did not use the Mark ARCADIA in the United States prior to August 28,

10  2004.

11       72.    Plaintiff is informed and believes, and based thereon alleges, that

12  Applicant did not use the Mark ARCADIA in the United States in conjunction with

13  and to identify the services listed in the Application prior to December 31, 2008.

14       73.    Plaintiff is informed and believes, and based thereon alleges, that

15  Applicant did not use the Mark ARCADIA in the United States in conjunction with

16  and to identify the services listed in the Application prior to December 31, 2007.

17       74.    Defendant, Deux Ron Inc.'s US trademark application number

18  87/453,154 and any resulting registration would likely cause further consumer

19  confusion with Plaintiff's common law trademark rights and Plaintiff's rights in its

20  federal trademark registration.  Accordingly, pursuant to 15 U.S.C. § 1119, Plaintiff

21  requests that the Court order the Defendant to withdraw its US trademark

22  application number 87/453,154 from the United States Patent and Trademark Office

23  and enjoin Defendants from seeking acquisition of or making application for any

24  trademarks containing the term ARCADIA or any similarly confusing Marks.

25                 **FOURTH CLAIM FOR RELIEF**

26          **(Federal Unfair Competition; 15 U.S.C. § 1119)**

27       75.    Plaintiff incorporates the preceding paragraphs of this Complaint as if

28  fully set forth herein.

ERVIN COHEN & JESSUP LLP

76.     Plaintiff's ARCADIA Mark is a valid, protectable trademark that has been registered as marks on the principal register in the United States Patent and Trademark Office.

77.     Plaintiff is the owner and registrant of the PENNY ARCADIA Mark.

78.     Plaintiff operates under and uses the ARCADIA and PENNY ARCADIA Marks in connection with its products.

79.     Defendants have made commercial use of and sold Infringing Services bearing the ARCADIA Marks and Plaintiff's trade name, without authorization from Plaintiff.

80.     Defendants' infringing activities, and related false descriptions and representations as to the origin and quality of their services, are likely to cause confusion, mistake, and/or deception among members of the consuming public and members of the trade. These members of the consuming public and members of the trade are likely to be misled into believing that there is an affiliation, connection, or association between Plaintiff and Defendants, and/or have been, or will be, misled as to the origin, sponsorship, or approval of Defendants' inferior non-genuine ARCADIA branded services.

81.     Plaintiff has not consented to Defendants' use of the ARCADIA brand or trade name.

82.     Defendants' unauthorized use of the ARCADIA brand and trade name is willful and has caused damage to Plaintiff, causing this matter to be an exceptional case under 15 U.S.C. § 1117(a).

83.     Defendants' acts constitute false statements in connection with products and/or services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

84.     Defendants' acts have caused and are continuing to cause irreparable injury to Plaintiff's brand, goodwill, and reputation.

85.     Plaintiff is entitled to monetary relief and all other remedies available

ERVIN COHEN & JESSUP LLP

1 under the Lanham Act, including but not limited to treble damages and/or actual

2 profits, reasonable attorneys' fees, costs and prejudgment interest, and/or statutory

3 damages.

4      86.     An award of monetary damages alone cannot fully compensate Plaintiff

5 for its injuries and Plaintiff lacks an adequate remedy at law.

6 **FIFTH CLAIM FOR RELIEF**

7 **(California Unfair Competition; Cal. Bus. Prof. Code §§ 17200, et seq.)**

8      87.     Plaintiff incorporates the preceding paragraphs of this Complaint as if

9 fully set forth herein.

10      88.     Defendants have engaged in unlawful and unfair business acts or

11 practices, as defined by Cal. Bus. Prof. Code §§ 17200, et seq., by committing the

12 illegal acts and practices as alleged herein, all in an effort to gain an unfair

13 competitive advantage over Plaintiff.

14      89.     Defendants' misconduct is unlawful because, as described herein, its

15 misconduct constitutes violations of numerous state and federal statutes, including

16 but not limited to state false advertising laws such as Cal. Bus. Prof. Code § 17500,

17 as well as the Lanham Act, 15 U.S.C. §§ 1114 and 1125. Further, its misconduct is

18 unfair in that Defendants' actions, as described herein, significantly threaten and/or

19 harm competition by selling inferior services, all while harming Plaintiff's

20 reputation in the marketplace.

21      90.     These unlawful and unfair business acts and/or practices were

22 committed pursuant to Defendants' business marketing, promotional, and sales

23 efforts in relation to the ARCADIA Mark.

24      91.     As a direct and proximate result of Defendants' unlawful and unfair

25 business practices, Plaintiff suffered irreparable injury to the ARCADIA and

26 PENNY ARCADIA brands, business reputation, and goodwill. As such, Plaintiff's

27 remedy at law is not adequate to compensate for the injuries inflicted by Defendants.

28 Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent

ERVIN COHEN & JESSUP LLP

1  injunctive relief against Defendants, in addition to restitution in an amount to be

2  proven at trial.

3  ### **PRAYER FOR RELIEF**

4  WHEREFORE, Plaintiff respectfully prays that the Court enter judgment as

5  follows:

6  92.   That Defendants infringed the PENNY ARCADIA Mark and

7  ARCADIA brands, engaged in trademark infringement and engaged in unfair

8  competition through its use, promotion and sale of services bearing the ARCADIA

9  Mark;

10  93.   That Defendants' trademark infringement and unfair competition were

11  knowing and willful and committed with bad faith and intent to deceive and that this

12  case is exceptional under 15 U.S.C. § 1117(a);

13  94.   That the Court enter an Order enjoining and restraining Defendants and

14  all persons or entities acting as agents of or in concert with Defendants, during the

15  pendency of this action and thereafter perpetually, from infringing or counterfeiting,

16  the ARCADIA brand and PENNY ARCADIA Marks in any way, including but not

17  limited to the sale of Infringing Services under the ARCADIA brand;

18  95.   That the Court enter an Order directing Defendants to send a Plaintiff

19  approved notice to any customer who purchased any infringing "ARCADIA"

20  branded "Arcadia Play Card" from Defendants, informing the customer that the sale

21  of the product violated Federal trademark and counterfeiting laws, and that

22  Defendants will refund the money paid by the consumer immediately upon request

23  and return of the product, with any such product returns going directly to Plaintiff or

24  their counsel for ultimate destruction at Defendants' expense;

25  96.   That the Court enter an Order requiring Defendants to account to and

26  pay Plaintiff for all profits and damages resulting from Defendants' infringement,

27  counterfeiting activities and unfair competition;

28  97.   That Plaintiff be awarded statutory damages to the fullest extent

ERVIN COHEN & JESSUP LLP

14038.16:9295082.2

19

1   available under the law, including but not limited to pursuant to Section 15 U.S.C. §
2   1117(c);

3        98.    That Defendant Deux Ron Inc. be ordered to withdraw its US
4   trademark application number 87/453,154 from the United States Patent and
5   Trademark Office and that Defendants be enjoined from seeking acquisition of or
6   making application for any trademarks containing the term ARCADIA or any
7   similarly confusing Marks.

8        99.    That Plaintiff be awarded prejudgment interest;

9        100.   That Plaintiff be awarded reasonable attorneys' fees to the fullest extent
10  available under the law;

11       101.   That Plaintiff be awarded treble damages to the fullest extent available
12  under the law, including but not limited to pursuant to Section 15 U.S.C. § 1117(b);

13       102.   That Plaintiff be awarded full restitution;

14       103.   That Plaintiff be awarded costs of prosecuting this claim;

15       104.   That Plaintiff be awarded further injunctive and provisional remedies,
16  as appropriate; and

17       105.   That Plaintiff be granted such further relief as the Court deems just and
18  proper.

19

20  DATED:  July 6, 2018          ERVIN COHEN & JESSUP LLP
21                             Russell M. Selmont

22                 By:     /s/ Russell M. Selmont
23                           Russell M. Selmont
24                           Attorneys for Plaintiff WEBMAGIC
                         VENTURES, LLC

25

26

27

28

ERVIN COHEN & JESSUP LLP

1                                  **JURY DEMAND**

2           Plaintiff WebMagic Ventures LLC hereby demands a trial by jury on all

3 issues herein so triable.

4

5 DATED: July 6, 2018                  ERVIN COHEN & JESSUP LLP

6                                       Russell M. Selmont

7                          By:       /s/ Russell M. Selmont

8                                        Russell M. Selmont

9                                        Attorneys for Plaintiff WEBMAGIC
                                       VENTURES, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ERVIN COHEN & JESSUP LLP

1

## CERTIFICATE OF INTERESTED PARTIES

2

3      The undersigned, counsel of record for Plaintiff WebMagic Ventures, LLC,

4  certifies that the following parties may have a pecuniary interest in the outcome of

5  this case.  These representations are made to enable the Court to evaluate possible

6  disqualification or recusal.

7

8      Deux Ron, Inc.                    Defendant

9      Ron Hensley                       Defendant

10     Eric Hensley                      Defendant

11

12  DATED: July 6, 2018            ERVIN COHEN & JESSUP LLP
                                   Russell M. Selmont
13

14

15                                 By:      /s/ Russell M. Selmont
16                                       Russell M. Selmont
17                                       Attorneys for Plaintiff WEBMAGIC
                                         VENTURES, LLC
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

ERVIN COHEN & JESSUP LLP