ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

JOHN G. JACKSON (*pro hac vice app. pending*)
jjackson@chamblisslaw.com
CHAMBLISS, BAHNER & STOPHEL, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Telephone: (423) 756-3000
Facsimile: (423) 265-9574

*Attorneys for Defendants*
*Deux Ron, Inc., Rob Hensley,*
*and Eric Hensley*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WEBMAGIC VENTURES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEUX RON, INC., a Tennessee corporation; RON HENSLEY, an individual; and ERIC HENSLEY, an individual,<br><br>Defendants. | CASE NO.: 2:18-cv-5933-PA-AS<br><br>Hon. Percy Anderson<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631.**<br><br>**JURY TRIAL DEMANDED**<br><br>DATE:        August 27, 2018<br>TIME:        1:30 p.m.<br>COURTROOM:   9A<br><br>TRIAL DATE:   Not set |

Glaser Weil

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 27, 2018, at 1:30 p.m., or as soon thereafter as the matter may be heard in courtroom 9A of the above-entitled Court, located at 350 W. First Street, Los Angeles, California, Defendants Deux Ron, Inc., Ron Hensley and Eric Hensley will move the Court for an order granting their Motion to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), their Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3), and their alternative Motion to Transfer Venue under 28 U.S.C. §§ 1404, 1406 and/or 1631. For their Motion, Defendants rely upon this Notice, the pleadings of record, the Declarations of Ron Hensley, Eric Hensley, a supporting brief, the matters of which this Court may be requested to take judicial notice, and upon such other matters, whether written or oral, as may be presented to the Court at or prior to the hearing on this motion.

Respectfully, because this Court lacks jurisdiction over Defendants, and this judicial district is an improper venue to adjudicate the Plaintiff's claims, the Court should dismiss the Complaint. Alternatively, this Court should transfer this action to the United States District Court for the Eastern District of Tennessee at Knoxville.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 25, 2018.

DATED: July 30, 2018                Respectfully submitted,

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP


By:  /s/ Erica J. Van Loon

ERICA J. VAN LOON
   *Attorney for Defendants*
   *Deux Ron, Inc., Rob Hensley,*
   *and Eric Hensley.*
JOHN G. JACKSON (*pro hac vice app.*
*pending*)

1

Glaser Weil

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHAMBLISS, BAHNER & STOPHEL, P.C.
605 Chestnut St., Suite. 1700
Liberty Tower
Chattanooga, Tennessee 37450
TEL: 423.756.3000
FAX: 423.508.1246
Email: jjackson@chamblisslaw.com

Glaser Weil

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE
ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

# TABLE OF CONTENTS

Page

**I.    PERSONAL JURISDICTION** ........................................................... 1

   **A.**    Defendants' Sworn Facts ........................................................ 1

   **B.**    Rule 12 Standard ................................................................... 2

   **C.**    ARGUMENT ........................................................................ 4

      **1.**    The Defendants Have Not Purposefully Availed Themselves of California's Benefits and Protections ................................... 4

      **2.**    The Defendants Have Not Purposefully Directed Any Activities Towards California. ................................................ 4

         **a.**    Plaintiffs have not alleged Defendants "expressly aimed" any litigation-related activities towards California. .................................................................. 8

      **3.**    Cases Predating *Axiom Foods* Are No Basis to Find Personal Jurisdiction Here. ..................................................... 11

**II.    VENUE** ............................................................................................ 11

**III.    CONCLUSION** ............................................................................... 13

**DEMAND FOR JURY TRIAL** ........................................................................ 14

**TABLE OF AUTHORITIES**

Page

**FEDERAL CASES**

*Adidas Am., Inc. v. Cougar Sport, Inc.*,
  169 F. Supp. 3d 1079 (D. Or. 2016) ........................................................................ 11

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
  751 F.3d 796 (7th Cir. 2014) ...................................................................... 7, 9, 10

*Am. Info. Corp. v. Am. INFOMETRICS, INC.*,
  139 F. Supp. 2d 696 (D. Md. 2001) ........................................................................ 9

*Audi AG v. D'Amato*,
  341 F. Supp. 2d 734 (E.D. Mich. 2004) ................................................................. 3

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ......................................... 1, 3, 4, 5, 6, 7, 8, 9, 10, 11

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
  223 F.3d 1082 (9th Cir. 2000) .............................................................................. 11

*Brayton Purcell LLP v. Recordon & Recordon*,
  606 F.3d 1124 (9th Cir. 2010) ............................................................................... 11

*Bristol-Myers Squibb Co. v. Superior Court*,
  137 S. Ct. 1773 (2017) ................................................................................... 2, 3, 6

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ........................................................................................... 3, 4

*Carsey-Werner Co., LLC v. BBC*,
  No. CV 17-8041 PA (ASx), 2018 U.S. Dist. LEXIS 33862
  (C.D. Cal. Feb. 23, 2018) ................................................................................. 8, 11

*Cybersell, Inc. v. Cybersell, Inc.*,
  130 F.3d 414 (9th Cir. 1997) ............................................................................... 3, 9

*Data Disc. Inc. v. Systems Tech. Assocs., Inc.*,
  557 F.2d 1280 (9th Cir. 1977) ................................................................................. 2

*Dole Food Co., Inc. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) ................................................................................. 3

*eBay Inc. v. Digital Point Solutions, Inc.*,
  608 F.Supp.2d 1156 (N.D. Cal. 2009) ................................................................... 12

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
  711 F. Supp. 2d 1074 (C.D. Cal. 2010) ................................................................... 9

*Edberg v. Neogen Corp.*,
  17 F. Supp. 2d 104 (D. Conn. 1998) ....................................................................... 9

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE
ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

*Erickson v. Neb. Mach. Co.*,
   No. 15-cv-01147-JD, 2015 U.S. Dist. LEXIS 87417
   (N.D. Cal. July 6, 2015) ........................................................................... 11

*Fighter's Mkt., Inc. v. Champion Courage Llc*,
   207 F. Supp. 3d 1145 (S.D. Cal. 2016) ..................................................... 11

*Fiore v. Walden*,
   688 F.3d 558 (9th Cir. 2012) ...................................................................... 6

*GemCap Lending I, Ltd. Liab. Co. v. Grow Mich., Ltd. Liab. Co.*,
   No. 2:17-cv-07092-ODW (AS), 2018 U.S. Dist. LEXIS 15989
   (C.D. Cal. Jan. 31, 2018) .......................................................................... 11

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
   596 F.Supp.2d 1282 (D. Ariz., 2009) ....................................................... 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2015) .................................................................................... 3

*Haigh v. Abuelizam*,
   No. 17-00582 JMS-KSC, 2018 U.S. Dist. LEXIS 56948
   (D. Haw. Apr. 3, 2018) ............................................................................. 11

*Holder Corp. v. Main St. Distrib.*,
   No. CIV 86-1285 PHX RCB, 1987 U.S. Dist. LEXIS 10345
   (D. Ariz. Jan. 16, 1987) ............................................................................ 12

*Honda Associates, Inc. v. Nozawa Trading, Inc.*,
   374 F. Supp. 886 (S.D.N.Y. 1974) ........................................................... 12

*Int'l Comfort Prods. v. Hanover House Indus.*,
   739 F. Supp. 503 (D. Ariz. 1989) ............................................................. 12

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) .................................................................................... 3

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) .................................................................... 9

*MCA Records v. Charly Records Ltd.*,
   108 F.3d 338, 1997 WL 76173 (9th Cir. Feb. 21, 1997) .......................... 11

*McGibney v. Retzlaff*,
   No. 14-cv-01059-BLF, 2015 U.S. Dist. LEXIS 79434
   (N.D. Cal. June 18, 2015) ........................................................................... 9

*Morrill v. Scott Fin. Corp.*,
   873 F.3d 1136 (9th Cir. 2017) .................................................................... 3

*Murphy v. Schneider Nat'l, Inc.*,
   362 F.3d 1133 (9th Cir. 2004) .................................................................. 12

*Nissan Motor Co. v. Nissan Computer Corp.*,
   246 F.3d 675 (9th Cir. 2000) .................................................................... 11

Glaser Weil

iii

*Panavision Int. L.P. v. Toeppen,*
   141 F.3d 1316 (9th Cir. 1998) ................................................................... 3

*Pathak v. Specialty Meats & Gourmet LLC,*
   No. 2:16-cv-02124-GMN-NJK, 2018 U.S. Dist. LEXIS 13817
   (D. Nev. Jan. 10, 2018) ............................................................................. 6

*Pebble Beach Co. v. Caddy,*
   453 F.3d 1151 (9th Cir. 2006) ................................................. 2, 4, 5, 6, 10

*Piedmont Label Co. v. Sun Garden Packing Co.,*
   598 F.2d 491 (9th Cir. 1979) ................................................................... 12

*Precision Craft Log Structures, Inc. v. Cabin Kit Co.,*
   No. CV05-199-S-EJL, 2006 U.S. Dist. LEXIS 19233
   (D. Idaho Mar. 3, 2006) ............................................................................ 3

*Premier Funding Grp. LLC v. Aviva Life & Annuity Co.,*
   No. CV-14-01633-PHX-DGC, 2014 U.S. Dist. LEXIS 169335,
   2014 WL 6885732 (D. Ariz. Dec. 8, 2014) .............................................. 11

*Rhino Metals, Inc. v. Kodiak Safe Co., Ltd. Liab. Co.,*
   No. 1:16-285-EJL-REB, 2017 U.S. Dist. LEXIS 91744
   (D. Idaho Mar. 25, 2017) ......................................................................... 11

*Schwarzenegger v. Fred Martin Motor Co.,*
   374 F.3d 797 (9th Cir. 2004) ..................................................................... 3

*Search Force, Inc. v. Data Force Int'l, Inc.,*
   112 F. Supp. 2d 771 (S.D. Ind. 2000) ........................................................ 9

*United Truck & Equip., Inc. v. Curry Supply Co.,*
   No. CV08-01046-PHX-GMS, 2008 U.S. Dist. LEXIS 110213
   (D. Ariz. Nov. 5, 2008) ............................................................................ 12

*Walden v. Fiore,*
   571 U.S. 277 (2014) ..................................................... 3, 6, 7, 9, 10, 11

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.,*
   704 F.3d 668 (9th Cir. 2012) ............................................................ 5, 11

*Williams v. Yamaha Motor Co.,*
   851 F.3d 1015 (9th Cir. 2017) ................................................................... 1

*Woodke v. Dahm,*
   70 F.3d 983 (8th Cir. 1995) ..................................................................... 12

*World-Wide Volkswagen Corp. v. Woodson,*
   444 U.S. 286 (1980) .................................................................................. 9

**FEDERAL STATUTES**

28 U.S.C. § 1391 ....................................................................................... 12

28 U.S.C. § 1391(b)(2) .............................................................................. 12

iv

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE
ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

Glaser Weil

28 U.S.C. § 1404 .......................................................................................................... 1

28 U.S.C. § 1404(a) ................................................................................................... 13

28 U.S.C. § 1406 .......................................................................................................... 1

28 U.S.C. § 1406(a) ................................................................................................... 13

28 U.S.C. § 1631 .................................................................................................. 1, 13

## **FEDERAL RULES**

Fed. R. Civ. P. 12(b)(2) ............................................................................................... 1

Fed. R. Civ. P. 12(b)(3) ......................................................................................... 1, 12

v

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE
ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

Glaser Weil

Defendants Deux Ron, Inc., Ron Hensley and Eric Hensley have moved this Honorable Court for an Order dismissing Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) on the grounds that this Court lacks personal jurisdiction over Defendant, and this Court is the improper venue for Plaintiff's lawsuit.  Alternatively, this Court should transfer this case under 28 U.S.C. § 1404, 1406 or 1631 to the appropriate venue, the Eastern District of Tennessee.

## I.    PERSONAL JURISDICTION[1]

Defendant Deux Ron's business, located in the mountains of eastern Tennessee, is decidedly local.  Defendants Ron and Eric Hensley are Tennessee residents that have no connection to California.  Subjecting any of them to the jurisdiction of a California court would violate the Supreme Court's instructions that personal jurisdiction must focus on the defendant's actions.  Therefore, this Court should dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

### A.    Defendants' Sworn Facts

Ron and Eric Hensley[2] have submitted sworn Declarations in support of the instant Motion, which can be summarized as follows:

- All Defendants reside in Tennessee, have no operations outside of that State, have never conducted business in California or purposely directed activities toward California

- Defendant Deux Ron provides services only in the Gatlinburg, Tennessee area

- The accused trademark, ARCADIA,  is used only in connection with services offered by Deux Ron in Gatlinburg, Tennessee

---

[1] California's long-arm statute is not at issue here, as it extends the full breadth due process allows. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (citing *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017)).

[2] *See* Declaration of Eric Hensley, Exhibit 1, and Declaration of Ron Hensley, Exhibit 2.

- Ron and Eric Hensley, as individuals, have never offered services under the ARCADIA mark

- Out of 4,607 online orders for goods and services made through Deux Ron's website during the past ten years, whether or not related to the ARCADIA mark, only **one** customer with a California address ever ordered an ARCADIA "Play Card" (**.02%**)

- Customers who order ARCADIA "Play Cards" online must pick them up at the Space Needle ticket booth in Gatlinburg, Tennessee

- Based on yelp.com's online procedures, the alleged customer identified in the Complaint who wrote a review of Deux Ron's services in connection with the ARCADIA mark in 2016 may not have been a California resident, and only received services, if at all, in Tennessee

- Since at least 2008, Deux Ron has continuously used the ARCADIA mark for entertainment services including providing arcade, amusement and recreation facilities

- Plaintiff's filings in the U.S. Patent and Trademark Office (USPTO) indicate that, no sooner than December, 2010 does it claim to have begun using PENNY ARCADIA to provide amusement facilities and to rent amusement machines and apparatuses

- None of the Defendants knew of Plaintiff's existence or its alleged use of any mark using the term "Arcadia" prior to the time Deux Ron filed its application to register the mark ARCADIA in the USPTO in mid-2017

**B.   Rule 12 Standard**

To resolve a motion to dismiss for lack of personal jurisdiction, the court may consider declarations by the parties.[3]  Disputed allegations are resolved for the plaintiff.[4]

There are two types of personal jurisdiction:  "general" and "specific."[5] A court

---

[3] *Data Disc. Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

[4] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

[5] *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017).

has general jurisdiction over a party if it is "essentially at home" in the forum.[6]  The Complaint makes no allegations supporting an assertion of general jurisdiction and the attached declarations confirm it, so it will not be discussed further.  As for specific jurisdiction, the question is whether "the defendant's suit-related conduct … create a substantial connection with the forum"[7]—but "isolated,"[8] "random, fortuitous, or attenuated contacts"[9] are not enough.

The Ninth Circuit has identified a three-element test for specific jurisdiction:

(1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[10]

The first element can be satisfied with either of two tests, depending on the nature of the suit.  The "purposeful direction" test, also known as the *Calder* "effects" test, is commonly used for torts.  The "purposeful availment" test is commonly used for contracts.[11]

The main thrust of Plaintiff's various claims is trademark infringement.  While there is binding Ninth Circuit precedent that trademark infringement is not necessarily governed by the purposeful direction test,[12] subsequent cases appear to primarily rely

---

[6] *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2015).

[7] *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780.

[8] *See Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 774 (1984).

[9] *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

[10] *Axiom Foods, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting from *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (quotations and alteration marks omitted)).

[11] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

[12] *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997); *Precision Craft Log Structures, Inc. v. Cabin Kit Co.*, No. CV05-199-S-EJL, 2006 U.S. Dist. LEXIS 19233, at *16 (D. Idaho Mar. 3, 2006); *see Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 746-47 (E.D. Mich. 2004) (quoting *Panavision Int. L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)).

Glaser Weil

on that test, so this brief will apply both tests.  Here, though, because Plaintiff cannot satisfy either test, no further analysis is necessary.[13]

C.    **ARGUMENT**

1.    **The Defendants Have Not Purposefully Availed Themselves of California's Benefits and Protections.**

"Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum."[14]  Courts find purposeful availment when a defendant "deliberately has engaged in significant activities within a State, or has created continuing obligations between himself and residents of the forum."[15]  There are no allegations that Defendants have themselves done anything in California.  In no way have Defendants performed any actions or created any continuing relationships which were protected by California law.  The purposeful availment test cannot be met.

2.    **The Defendants Have Not Purposefully Directed Any Activities Towards California.**

Plaintiff cannot show Defendants purposefully directed any activities related to this case towards California.  Plaintiff has alleged that one California resident patronized Defendant Deux Ron's Tennessee place of business, and that Defendants committed tort-like harms to Plaintiff, knowing that the effects of that harm would occur in California.  *Axiom Foods* presented identical facts and the Ninth Circuit found insufficient contacts to support personal jurisdiction.

As described by the Supreme Court in *Calder*, a defendant purposefully directs his activities towards a forum if he "(1) committed an intentional act, (2) expressly

---

[13] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) ("Here, Pebble Beach's arguments fail under the first prong. Accordingly, we need not address whether the claim arose out of or resulted from Caddy's forum-related activities or whether an exercise of jurisdiction is reasonable ….").

[14] *Pebble Beach Co.*, 453 F.3d at 1155.

[15] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citations and quotations omitted).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

Glaser Weil

aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."[16]

With respect to the first prong, neither Ron Hensley nor Eric Hensley individually used the allegedly infringing mark in California or elsewhere.[17]  The owner of record of the accused ARCADIA mark is Deux Ron,[18] which Plaintiff refers to in the Complaint as "Applicant."[19]  The Complaint's allegations of infringement and unfair competition are directed to the alleged actions of Deux Ron, not the Hensleys as individuals.  Because neither Ron nor Eric Hensley committed an intentional act that is the subject of Plaintiff's claims, the "purposefully directed" inquiry fails at the first step with regard to the individual defendants.

The latter two elements—"express aiming" and "foreseeable effects"—must not be blended.  The Ninth Circuit elaborated in *Pebble Beach*.  "[R]eferring to the *Calder* test as an 'effects' test can be misleading," because "a mere foreseeable effect" in the forum is insufficient to establish jurisdiction.[20]  At issue was a trademark infringement and unfair competition claim by the famed Pebble Beach golf course against an English defendant, who ran a website and hotel called "Pebble Beach" with full knowledge that the Pebble Beach golf course is in California.[21]  The Ninth Circuit held there was no personal jurisdiction.  The defendant's "knowledge of the Pebble Beach golf resort goes to the foreseeable effect prong of the 'effects test' and is not an independent act that can be interpreted as being expressly aimed at California."[22]  Nor did it matter that the defendant provided "occasional[] services" to

---

[16] *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (quoting *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)).

[17] Eric Hensley Decl. ¶ 27; Ron Hensley Decl. ¶ 23.

[18] *See* U.S. trademark application No. 87/453,154, copy attached as <u>Exhibit 3</u>.

[19] Doc. 1, ¶¶ 29-39.

[20] *Id.* at 1156.

[21] *Pebble Beach Co.*, 453 F.3d at 1157.

[22] *Id.* at 1158.

Glaser Weil

forum residents, as there was no connection between those services and the defendant's alleged infringing activities.[23]

The Supreme Court in 2014 explained that the defendant's knowledge that a plaintiff will suffer harm in a given forum does not satisfy the *Calder* test. The case, *Walden v. Fiore*, concerned an Atlanta airport DEA agent that seized a large amount of cash from some travelers; the travelers filed a *Bivens* action. The agent allegedly knew the travelers in question lived in Las Vegas, and Las Vegas was their final destination. The Ninth Circuit upheld jurisdiction, writing that "the critical factor is whether [defendant], knowing of [plaintiffs'] significant connections to Nevada, should be taken to have intended that the consequences of his actions would be felt by them in that state."[24] The Supreme Court unanimously reversed. It was *not* enough that the agent allegedly "directed his conduct at plaintiffs whom he *knew* had Nevada connections," because that puts too much focus on the plaintiff, and it is the defendant's connections with the forum state that must be the focus.[25] The Supreme Court has since summarized its holding in *Walden* like this: "We held [in *Walden*] that the Nevada courts lacked specific jurisdiction even though the plaintiffs were Nevada residents and 'suffered foreseeable harm in Nevada.'"[26]

Late last year, in *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, the Ninth Circuit applied *Walden* to intellectual property infringement cases.[27] The defendants, located in the UK, had published a newsletter including the plaintiff's copyrighted labels. The bulk of the newsletter's recipients were in western Europe, but about ten

---

[23] *Id.* at 1159.

[24] *Fiore v. Walden*, 688 F.3d 558, 580 (9th Cir. 2012).

[25] *Walden v. Fiore*, 571 U.S. 277, 289 (2014) (emphasis added).

[26] *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017) (quoting *Walden*, 571 U.S. at 289).

[27] 874 F.3d 1064, 1070 (9th Cir. 2017); *see Pathak v. Specialty Meats & Gourmet LLC*, No. 2:16-cv-02124-GMN-NJK, 2018 U.S. Dist. LEXIS 13817, at *4 n.3 (D. Nev. Jan. 10, 2018) (noting that *Axiom Foods* applies to "intellectual property infringement" cases).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

recipients were located in California.  The Ninth Circuit held there was no personal jurisdiction.  It did not matter whether the defendants were aware of the plaintiff's location in California.  "[W]rongful conduct targeted at a plaintiff the defendant knows to be a resident of the forum state" does not constitute enough of a connection to the forum to extend personal jurisdiction.[28]  Further, the few newsletters sent to California were not sufficient to create a "substantial connection" to California.[29]

In *Advanced Tactical Ordnance*, the Seventh Circuit applied *Walden* to trademark infringement and unfair competition claims.[30]  The Indiana plaintiff made non-lethal projectile balls for crowd control; the California defendant bought some of those products and sought to sell them online.[31]  There was no personal jurisdiction in Indiana, even though it was alleged that defendants conspired to engage in tortious conduct to harm the plaintiffs in Indiana, and the defendant sent marketing emails that reached at least one Indiana resident, the defendant made at least one sale to Indiana, and the defendant's website marketed products that could be bought in Indiana.  First, the emails and single sale to Indiana could not create personal jurisdiction because it was not connected to the allegedly infringing postings.[32]  Second, it was not enough to allege that the defendants intended to harm plaintiffs and foresaw causing harm in Indiana to plaintiffs.  Finding jurisdiction on that basis would run contrary to *Walden*.[33]

This Court, in *Carsey-Werner*, applied *Walden* and *Axiom Foods* to a plaintiff seeking to submit the BBC to suit in California, because the BBC had allegedly aired

---

[28] *Axiom Foods, Inc.*, 874 F.3d at 1069-70.

[29] *Id.* at 1070-71.

[30] *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014), discussed in David C. Hilliard et al., *Trademarks and Unfair Competition Deskbook* § 13.01[3][e] (8th ed.).

[31] *Id.* at 798-99.

[32] *Id.* at 801.

[33] *Id.* at 802.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

Glaser Weil

on the internet a program that willfully infringed on the plaintiff's copyright.[34]  It did not matter that some Californians viewed the program, or that the BBC knew that would happen, as those facts could not show the BBC directed any activities towards California.[35]  Further, it did not matter that some parts of the program were filmed in Los Angeles, as those parts were not connected to the infringement.[36]  Personal jurisdiction was denied.

### a. **Plaintiffs have not alleged Defendants "expressly aimed" any litigation-related activities towards California.**

This case is indistinguishable from this Court's decision in *Carsey-Werner*, and is controlled by *Axiom Foods*.  Here is what Plaintiff alleges about Defendants:

1. "Defendants heavily rely on online marketing" of their entertainment services.  ¶ 6. "Defendants are selling tickets on its website for an 'Arcadia Play Card'… and consumers from all over the world may purchase these tickets including those customers located in the Central District of California." ¶9

2. "Defendants have serviced at least one customer who purports to reside in California."  ¶9.

3. "Defendants are applying for a nationwide Federal Trademark … including protection in the Central District of California …, and affording Defendants this protection would cause significant consumer confusion for customers located in the Central District of California as to the source of Defendants' Infringing Services." ¶9.

4. "Defendants had full and actual knowledge of Plaintiff's ownership of the PENNY ARCADIA Marks …." ¶20.

Plaintiff does *not* allege that Defendants have ever been to California, shipped a

---

[34] *Carsey-Werner Co., LLC v. BBC*, No. CV 17-8041 PA (ASx), 2018 U.S. Dist. LEXIS 33862, at *11-16 (C.D. Cal. Feb. 23, 2018) (Anderson, J.).

[35] *Id.* at *17-20.

[36] *Id.* at *21.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

1  product into California, or specifically targeted California with advertising or other

2  marketing.  Nor could any such allegation be true, as Defendants' declarations show.

3       It is both common sense, and well-established law, that Defendants do not

4  expressly aim their activities at California by maintaining a website that can be

5  accessed by anyone, including Californians.[37]  Further, under *Axiom Foods*, Plaintiff's

6  allegations that Defendants have caused confusion to customers in California, with

7  knowledge that Plaintiff owns the PENNY ARCADIA mark, is simply not "express

8  aiming" at California.  To find otherwise would allow impermissible focus on the

9  Plaintiff's connections to California, not the Defendant's connections to California.[38]

10       Plaintiff's other allegations are the definition of "isolated" contacts that do not

11  arise to a "substantial connection."  Similar to the single sale and shipment to the

12  forum in *Advanced Tactical*, where there was no personal jurisdiction,[39] Defendants

13  have sold 1 Play Card to a Californian, out of 4,607 online orders for goods and

14  services—some under the ARCADIA mark, some not—in the past ten years.  The

---

[37] *See, e.g.*, *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997); *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1093 (C.D. Cal. 2010) ("[T]he announcement posted on the passive globally accessible website cannot confer jurisdiction simply because California residents can access it."); *Am. Info. Corp. v. Am. INFOMETRICS, INC.*, 139 F. Supp. 2d 696, 699 (D. Md. 2001); *Search Force, Inc. v. Data Force Int'l, Inc.*, 112 F. Supp. 2d 771, 777-78 (S.D. Ind. 2000) ("Recent district court cases involving Internet activity and trademark infringement claims reinforce the notion that a defendant must avail itself of the forum state in a manner that is somehow more purposeful than an allegedly infringing domain name or use of an allegedly infringing mark on an interactive web site."); *Edberg v. Neogen Corp.*, 17 F. Supp. 2d 104, 114 (D. Conn. 1998) ("There is also no evidence that this Web site advertisement was directed at Connecticut anymore than anyplace else in the nation."); *see also Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011) ("Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed."); *McGibney v. Retzlaff*, No. 14-cv-01059-BLF, 2015 U.S. Dist. LEXIS 79434, at *11 (N.D. Cal. June 18, 2015) (harmful internet postings "floating in the ether," that a forum resident happens to see, are not sufficient basis for personal jurisdiction).

[38] *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) ("The [*Walden*] Court found that our approach "impermissibly allow[ed] a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." (quoting *Walden*, 571 U.S. at 289) (alteration in original)).

[39] *See also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (holding no personal jurisdiction for car dealership, where only contact with state was that car purchased at dealership allegedly caused injury in that state).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

connection here is even less, however, because the Play Card was not shipped to California, and could only be picked up at a ticket counter in Tennessee and used in Tennessee.  Further, a single online reviewer, who purports to currently live in California and to have visited Deux Ron's place of business in Tennessee two years ago, cannot be anything other than an "isolated" contact—if a contact at all, as any alleged "harm" to that reviewer would have occurred onsite in Tennessee.  That is less of a connection than in *Axiom Foods*, where ten infringing newsletters were sent to California but personal jurisdiction was denied.

Even if the few California connections Plaintiff has alleged were enough, they have to relate to the suit in order to constitute "express aiming."  The Ninth Circuit held in *Pebble Beach* it was insufficient that the defendant "occasionally services" residents of the forum, absent at least some evidence connecting the provision of service to those residents to the alleged infringement.[40]  Similarly, in *Advanced Tactical*, the Seventh Circuit held that a few sales to forum residents could not support jurisdiction over a trademark suit without evidence linking those particular sales to the infringement.  Plaintiff has made no such allegation that the one patron who may be from California, or a Californian's purchase of a play card, has anything to do with Defendants' alleged infringement.  (Such an allegation would likely be pure speculation in violation of Rule 11.)

Defendants' activities are focused in Tennessee and the Southeast, not California.  To whatever extent Defendants' alleged infringement has caused harm in California, *Walden* and *Axiom Foods* hold such alleged harm does not create personal jurisdiction.  Nor does Deux Ron's generally viewable website, and "isolated" interactions with up to two California patrons, arise to a "substantial connection" to Tennessee.  Because Plaintiff cannot prove that Defendants "purposefully directed" their activities towards California, Plaintiff cannot show that this Court has specific

---

[40] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159-60 (9th Cir. 2006).

personal jurisdiction.

### 3. Cases Predating *Axiom Foods* Are No Basis to Find Personal Jurisdiction Here.

Before the Supreme Court's guidance in *Walden*, a few decisions from Ninth Circuit cases[41] appeared to establish that where an intellectual property infringer knows a plaintiff is located in a particular forum, there is personal jurisdiction in that forum.[42] This was known as personal jurisdiction based on "individualized targeting."[43] District courts disagreed about whether *Walden* abrogated the "individualized targeting" line of cases.[44] *Axiom Foods* resolved the controversy. It expressly discussed the various Ninth Circuit cases at issue and concluded that they were not consistent with *Walden*.[45] Several district courts have acknowledged the debate is over.[46]

## II. VENUE

Venue is not proper in this court. Plaintiff has the burden of showing that

---

[41] *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 678 (9th Cir. 2012); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1130 (9th Cir. 2010); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000); *see also Nissan Motor Co. v. Nissan Computer Corp.*, 246 F.3d 675 (9th Cir. 2000) (unpublished decision); *MCA Records v. Charly Records Ltd.*, 108 F.3d 338, 1997 WL 76173, *8 (9th Cir. Feb. 21, 1997) (unpublished decision);

[42] *Premier Funding Grp. LLC v. Aviva Life & Annuity Co.*, No. CV-14-01633-PHX-DGC, 2014 U.S. Dist. LEXIS 169335, 2014 WL 6885732, at *4 (D. Ariz. Dec. 8, 2014).

[43] *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017).

[44] *Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1090 n.4 (D. Or. 2016). *Compare Premier Funding Grp. LLC v. Aviva Life & Annuity Co.*, No. CV-14-01633-PHX-DGC, 2014 U.S. Dist. LEXIS 169335, 2014 WL 6885732, at *4 (D. Ariz. Dec. 8, 2014) (*Walden* did abrogate), *Erickson v. Neb. Mach. Co.*, No. 15-cv-01147-JD, 2015 U.S. Dist. LEXIS 87417, at *8 (N.D. Cal. July 6, 2015) (same), *with Rhino Metals, Inc. v. Kodiak Safe Co., Ltd. Liab. Co.*, No. 1:16-285-EJL-REB, 2017 U.S. Dist. LEXIS 91744, at *15 & n.4 (D. Idaho Mar. 25, 2017) (*Walden* did not abrogate); *Fighter's Mkt., Inc. v. Champion Courage Llc*, 207 F. Supp. 3d 1145, 1152 & n.4 (S.D. Cal. 2016) (same).

[45] *See Axiom Foods, Inc.*, 874 F.3d at 1069.

[46] *See Haigh v. Abuelizam*, No. 17-00582 JMS-KSC, 2018 U.S. Dist. LEXIS 56948, at *9 (D. Haw. Apr. 3, 2018) (discussing *Axiom Foods* and that "individualized targeting" now insufficient to establish personal jurisdiction); *Carsey-Werner Co., LLC v. BBC*, No. CV 17-8041 PA (ASx), 2018 U.S. Dist. LEXIS 33862, at *17 (C.D. Cal. Feb. 23, 2018) (same); *GemCap Lending I, Ltd. Liab. Co. v. Grow Mich., Ltd. Liab. Co.*, No. 2:17-cv-07092-ODW (AS), 2018 U.S. Dist. LEXIS 15989, at *11 (C.D. Cal. Jan. 31, 2018) (same).

---

1  venue is proper.[47]  This Court may consider evidence outside the pleadings[48] and need

2  not accept Plaintiff's allegations as true.[49]  The general venue statute applies here.[50]

3      As there is no basis to assert that Defendants are residents of the Central

4  District, venue may only lie if a "substantial part of the events or omissions giving

5  rise to the claim occurred [there]."[51] "[A] trademark infringement claim does not arise

6  in a district where the defendant has only *miniscule* contact."[52]  In *United Truck &*

7  *Equipment*, an Arizona district court held that venue was improper over a trademark

8  suit because the defendant had not shipped any products or catalogs into Arizona, the

9  defendant did not advertise or solicit sales in Arizona, and did not generate business

10 activity from Arizona from its website.[53]  That the plaintiff suffered harm in the venue

11 was insufficient.[54]

12      This case is similar.  Defendants have shipped no goods to California.  The one

13 Play Card that has been sold to someone in California could only be used in

14 Tennessee, and there is no evidence to suggest that that buyer bought the card due to

15 any confusion about the related trademarks.  In short, none of the events or omissions

16 "giving rise" to Plaintiff's claim occurred in California, so venue in the Central

17 District of California is inappropriate and this Court should dismiss under Fed. R.

18 Civ. P. 12(b)(3).

19

20 [47] *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

[48] *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

21 [49] *eBay Inc. v. Digital Point Solutions, Inc.*, 608 F.Supp.2d 1156, 1161 (N.D. Cal. 2009).

22 [50] 28 U.S.C. § 1391; *see Golden Scorpio Corp. v. Steel Horse Bar & Grill,* 596 F.Supp.2d 1282,
23 1286 n. 3 (D. Ariz., 2009) ("Because the Lanham Act has no special venue provision, the general
venue statute applies.").

24 [51] 28 U.S.C. § 1391(b)(2).

25 [52] *Holder Corp. v. Main St. Distrib.*, No. CIV 86-1285 PHX RCB, 1987 U.S. Dist. LEXIS 10345, at
*6 (D. Ariz. Jan. 16, 1987) (quoting *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F. Supp.
886 (S.D.N.Y. 1974)); *see also*
26 *Int'l Comfort Prods. v. Hanover House Indus.*, 739 F. Supp. 503, 505 (D. Ariz. 1989).

27 [53] *United Truck & Equip., Inc. v. Curry Supply Co.*, No. CV08-01046-PHX-GMS, 2008 U.S. Dist.
LEXIS 110213, at *37-38 (D. Ariz. Nov. 5, 2008).

28 [54] *Id.* at *37 n.8 (citing *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995)).

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE
ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

1    Should, however, this Court in its discretion conclude that dismissal is not
2  appropriate due to improper venue, this Court should transfer this case to the United
3  States District Court for the Eastern District of Tennessee, where venue would be
4  appropriate.[55]

5  **III.**     **CONCLUSION**

6    Due process requires that this Court dismiss for lack of personal jurisdiction
7  because Defendants have no "substantial connection" to California.  For similar
8  reasons, this Court should dismiss for improper venue.  Alternatively, this Court
9  should transfer this case to the Eastern District of Tennessee.

11    DATED:  July 30, 2018               Respectfully submitted,

12                                        GLASER WEIL FINK HOWARD
                                            AVCHEN & SHAPIRO LLP

14                                        By:  /s/ Erica J. Van Loon

16                                        ERICA J. VAN LOON
                                             *Attorneys for Defendants*
17                                           *Deux Ron, Inc., Rob Hensley,*
                                             *and Eric Hensley.*

18                                        JOHN G. JACKSON (*pro hac vice app.*
19                                        *pending*)
                                          CHAMBLISS, BAHNER & STOPHEL,
20                                        P.C.
                                          605 Chestnut St., Suite. 1700
21                                        Liberty Tower
                                          Chattanooga, Tennessee 37450
22                                        TEL: 423.756.3000
                                          FAX: 423.508.1246
23                                        Email: jjackson@chamblisslaw.com

---

[55] *See* 28 U.S.C. §§ 1404(a), 1406(a) and 1631.

DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE
ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Fed. R. Civ. P. 38(b), Defendants Deux Ron, Inc., Ron Hensley, and Eric Hensley hereby demand a trial by jury in this action on all issues so triable.


DATED:  July 30, 2018

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP


By:  /s/ Erica J. Van Loon
ERICA J. VAN LOON

JOHN G. JACKSON (*pro hac vice app. pending*)

*Attorneys for Defendants Deux Ron, Inc., Rob Hensley, and Eric Hensley.*