ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

JOHN G. JACKSON (*pro hac vice app. to be filed*)
jjackson@chamblisslaw.com
CHAMBLISS, BAHNER & STOPHEL, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Telephone: (423) 756-3000
Facsimile: (423) 265-9574

*Attorneys for Defendant*
*Deux Ron, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WEBMAGIC VENTURES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEUX RON, INC., a Tennessee corporation; RON HENSLEY, an individual; and ERIC HENSLEY, an individual,<br><br>Defendants. | CASE NO.: 2:18-cv-5933-PA-AS<br><br>Hon. Percy Anderson<br><br>**DECLARATION OF ERIC HENSLEY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(2), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, AND 1631** |

I, Eric Hensley, declare as follows:

1. I am the vice president of Defendant Deux Ron, Inc. ("Deux Ron"). I am making this declaration in support of Defendants' Motion to Dismiss, or in the alternative, to Transfer Venue in the above-referenced matter. Unless otherwise stated, I have personal and first-hand knowledge of the facts set forth in this declaration, and I could and would testify competently to such facts if called as a witness.

2. Deux Ron is an entity organized and existing under the laws of the State of Tennessee with its principal place of business located in Gatlinburg, Tennessee.

3. Deux Ron owns and operates a family entertainment center ("FEC") located in Gatlinburg, Tennessee.

4. Deux Ron's FEC in Gatlinburg, Tennessee is the only physical location in the United States where Deux Ron offers goods and services.

5. Deux Ron's FEC provides entertainment services, namely an entertainment complex for amusement games, food, live performances and recreation, where every amusement game gives the participant e-tickets that can be redeemed for the ultimate goal of receiving prizes.

6. To the best of my knowledge, Deux Ron has never directed any of its marketing, advertising or promotional activities at residents of California.

7. To the best of my knowledge, Deux Ron has never done business in California in connection with the Arcadia™ mark.

8. With regard to "Illustration 1" described in Paragraph 9 of Plaintiff's Complaint, the screenshot of the business review page from www.yelp.com dated August 20, 2016 contains a comment from someone who claims to be a California resident. I have accessed the yelp.com website and have determined that, in order to post a review, the person creates a profile, wherein he or she inserts his/her city and state of residence. Based on my experience with yelp.com, no one checks whether the reviewer actually resides in the city or state listed. Therefore, "Illustration 1" does

1

not necessarily consist of a review by a person who actually resides in California.

9. Even if the reviewer in "Illustration 1" were a California resident, the only place he could have received services from Deux Ron was by visiting Deux Ron's FEC in Gatlinburg, Tennessee.

10. Although Arcadia™ Play Cards can be bought online at Deux Ron's website, www.gatlinburgarcade.com, they are never sent outside of Tennessee but instead must be picked up at the Space Needle ticket office in Gatlinburg, Tennessee and can only be used to access services at Deux Ron's Gatlinburg, Tennessee FEC.

11. Over the past ten years, Deux Ron has sold only one Arcadia™ Play Card online to a California resident, out of a total of 4,607 online orders (i.e., .02%), based on a review of Deux Ron's records. As explained above, Deux Ron would have furnished the Play Card to the customer in Gatlinburg, Tennessee, and it would never have been sent to California or elsewhere.

12. Deux Ron has been using the mark ARCADIA continuously in the East Tennessee area and on the internet since at least 2008.

13. Plaintiff did not apply to register its mark, PENNY ARCADIA, until 2010.

14. According to documents filed by Plaintiff that are available on the United States Patent & Trademark Office's website, Plaintiff does not allege a first use in commerce of the mark PENNY ARCADIA for "providing amusement facilities" or "rental of amusement machines and apparatus" until December 1, 2010, and did not apply to register the mark for such goods and services until 2010. See U.S. trademark registration number 3998997, issued July 19, 2011, copy attached as Exhibit A.

15. To the best of my knowledge, neither Deux Ron, Ron Hensley nor I knew of Plaintiff's existence prior to the time Deux Ron filed its application to register the mark ARCADIA as a trademark in the United States Patent and Trademark Office in mid-2017.

DECLARATION OF ERIC HENSLEY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(2), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, AND 1631

16. Until Plaintiff filed its Opposition to Deux Ron's application to register the ARCADIA mark toward the end of 2017, to the best of my knowledge, neither Deux Ron, Ron Hensley nor I knew that Plaintiff owns any domain names that include the word "Arcadia."

17. Deux Ron only uses the mark ARCADIA in connection with services that are performed in Gatlinburg, Tennessee.

18. Deux Ron does not provide any services in the State of California.

19. Deux Ron does not have an office in California.

20. Deux Ron does not own or lease any real property in California.

21. Deux Ron does not maintain any bank accounts in California.

22. Deux Ron is not registered to do business as a foreign corporation in California.

23. Deux Ron does not have an agent for the service of process in California.

24. Deux Ron has not registered any marks in California.

25. Deux Ron does not hold meetings of its officers, directors or managers in California.

26. I am a resident of Tennessee.

27. I, as an individual, have never conducted business in California, have never advertised, marketed, promoted, offered to sell or sold goods or services in California, and as an individual have never used the ARCADIA mark anywhere.

28. I neither own nor control any real or personal property in California.

29. I, as an individual, am not seeking trademark protection for any trademark, nor have I ever sought such protection.

30. I have never visited the State of California.

3
DECLARATION OF ERIC HENSLEY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(2), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, AND 1631

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on July 23, 2018, at Gatlinburg, Tennessee.

_____
ERIC HENSLEY

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

6

DECLARATION OF ERIC HENSLEY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2), OR IN THE ALTERNATIVE TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, AND 1631

27228_00/1821/NLK-3403997_1