ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

JOHN G. JACKSON (*admitted pro hac vice*)
jjackson@chamblisslaw.com
CHAMBLISS, BAHNER & STOPHEL, P.C.
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450
Telephone: (423) 756-3000
Facsimile: (423) 265-9574

*Attorneys for Defendants
Deux on, Inc., Rob Hensley,
and Eric Hensley*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WEBMAGIC VENTURES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DUEX RON. INC., a Tennessee Corporation; RON HENSLEY, an Individual; and ERIC HENSLEY, an individual,<br><br>Defendants. | CASE NO.: 2:18-cv-5933-PA-AS<br><br>Hon. Percy Anderson<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631.**<br><br>DATE: August 27, 2018<br>TIME: 1:30 p.m.<br>COURTROOM: 9A<br><br>TRIAL DATE: Not set |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

1524751

This Brief replies to Plaintiff's Opposition brief [Doc. 20] filed August 6, 2018. Plaintiff has raised no argument or authority which would provide a basis for this Court to exert personal jurisdiction over the Defendants. Nor has it offered a reason why venue is proper anywhere in California. Defendants' motion should be granted.

## I. This Court does not have personal jurisdiction over the Defendants.[1]

### A. Whatever arguable connection Defendants have with California, it is not "substantial."

Plaintiff's Opposition attempts to cobble together a case for personal jurisdiction based on assumptions without factual support and manufactured facts. That is not what the personal jurisdiction inquiry should look like. Rather, the goal is to determine whether "the defendant's suit-related conduct … create[d] a *substantial* connection with the forum State," not a random, fortuitous, or attenuated connection.[2] Plaintiff never attempts to distinguish the cases Defendants discussed at length in their opening brief:

- *Axiom Foods*: 10 allegedly infringing newsletters sent by email to recipients in California. No personal jurisdiction.[3]
- *Advanced Tactical*: An allegedly infringing product shipped to forum, multiple email "blasts" to multiple recipients in forum. No personal jurisdiction.[4]

In light of those cases, Defendants' connection to California, if any, cannot be called "substantial."

Defendants have not specifically solicited California business. Only a

---

[1] Plaintiff makes no argument in its Opposition that Defendants are subject to general personal jurisdiction in California, and predicates its argument solely on specific jurisdiction.

[2] *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (emphasis added) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

[3] *Id.* at 1070.

[4] *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014).

miniscule fraction of Defendant Deux Ron, Inc.'s ("Deux Ron") online sales of Play Cards involved persons who are residents of the forum (one sale, actually, and it is not proven that that purchaser was in California when the purchase was made). Deux Ron provides entertainment; Defendants provide literally nothing of value to a person that cannot travel to Tennessee and patronize their place of business.

This case bears analogy to a Southern District of New York trademark infringement case concerning ticket sales, where the court denied personal jurisdiction in part because while the alleged infringer's tickets could be bought from the forum, the tickets could only be picked up in Missouri.[5] Assuming there was any infringement, it "occurred in Missouri, not New York."[6] The same is true here, as Deux Ron Play Cards are effectively tickets to use its entertainment services.

True, the Ninth Circuit examines the interactivity of a litigant's website as part of its determination whether that litigant is subject to personal jurisdiction in a forum.[7] The importance of this inquiry should not be overstated as it is not particularly clear what it is about the interactivity of a website that shows purposeful direction towards a particular state.[8] The Sixth Circuit has explained that an interactive website that seeks to sell goods throughout the country is not interactive enough to establish jurisdiction absent evidence the website "reveals specifically intended interaction with residents of [the forum state]."[9] *Inventors Row, Inc. v.*

---

[5] *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 299 (S.D.N.Y. 1996), *aff'd* 126 F.3d 25, 27 (2d Cir. 1997)

[6] *Id.* at 299, 300-01 (incorporating discussion regarding New York long arm statute to discussion of due process).

[7] *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011).

[8] *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 803 ("The interactivity of a website is also a poor proxy for adequate in-state contacts…. [T]he operation of an interactive website does not show that the *defendant* has formed a contact with the forum state.").

[9] *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002); *see also Fruit of the Loom, Inc. v. En Garde, LLC*, No. 1:17-CV-00112-GNS-HBB, 2017 U.S. Dist. LEXIS 136851, at *11 (W.D. Ky. Aug. 25, 2017) (holding that single sale to plaintiff after commencement of litigation, single sale of a t-shirt to forum, and web shop that can sell and ship to anywhere, not sufficient to establish purposeful direction).

*Blankenship*, an unreported trademark infringement case on which Plaintiff relies, illustrates that the ultimate question is whether the Defendants' activities constitute more than random, fortuitous, or attenuated contacts with the forum.[10] The defendant had allegedly individually targeted the plaintiff and sold products through an interactive website. Critically, the "nature and quality" of that website was to facilitate defendant's product sales, of which several hundred were to buyers in California.[11]

Here, although the Deux Ron website has an instrumental role in getting people to visit its business in Tennessee, the "product" it sells online can only be used in Tennessee, and only one sale to California was made before litigation commenced. The Deux Ron website is interactive to the extent that any person from anywhere can pre-purchase the ability to use its facility in Tennessee. This does not show purposeful direction towards the forum.[12] Exercising jurisdiction in this case would effectively render Defendants subject to suit in any jurisdiction, a position the Ninth Circuit rejects.[13]

### B. Plaintiff's manufactured evidence supporting personal jurisdiction must be ignored.

Aaron Croft, an employee of the Plaintiff, purchased a Play Card online a few weeks ago.[14] He never actually alleges he was in California when he made the purchase, but that is beside the point. As a Southern District of California judge put it, federal courts do not allow "orchestrated" purchases by a plaintiff to constitute

---

[10] 2018 U.S. Dist. LEXIS 75365 *9-13 (E.D. Cal. May 2, 2018).

[11] *Id.* at *12.

[12] *Nutramarks, Inc. v. Life Basics, Ltd. Liab. Co.*, No. 2:15-cv-00571-DN, 2017 U.S. Dist. LEXIS 75461, at *12-14 (D. Utah May 17, 2017) ("NutraMarks places too much emphasis on the interactivity of the website and not enough emphasis on whether the site was "expressly aimed" at Utah. … Indeed, a generalized request that anyone, anywhere make a donation to support Life Basics' generic goal to become a "national brand" is insufficient to show Utah was targeted.").

[13] *See Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662, 663 (9th Cir. 2018) (mem. op.).

[14] (*See* Aaron Croft Declaration ¶¶ 1, 3.)

purposeful availment.[15] Another district court rejected similar evidence, stating it "post-dated the accrual of the cause of action and appears to be manufactured by Plaintiff for the sole purpose of providing Plaintiff with a preferred forum for litigation."[16] Many other courts have excluded this type of evidence on similar grounds.[17] This Court should not dignify the Plaintiff's orchestrated purchase as evidence.

Defendants assert that the entirety of the Croft Declaration, including all exhibits thereto, should be excluded as the product of manufactured evidence. To better assist the Court in evaluating Plaintiff's Opposition without Croft's declaration, counsel has attached **Exhibit A**, which is Plaintiff's Opposition with references to Croft's declaration redacted.

The Croft Declaration and its exhibits do not evidence *Defendants* initiating contact with a California resident; rather, they evidence *Plaintiff's employee's* contact with Deux Ron's website. The mere fact the website collects standard identification and billing information before a transaction is consummated does not in itself correlate to purposeful availment. And simply because the *user* may proceed to make comments about Deux Ron's services on Facebook or other social media does not equate to *Defendants'* activities in California. Finally, the creation of a user profile is specifically tied to the *Gatlinburg Space Needle*, obviously because services associated with the Play Card can only be rendered in Gatlinburg, Tennessee.

---

[15] *NuboNau, Inc. v. NB Labs, Ltd.*, No. 10cv2631-LAB (BGS), 2012 U.S. Dist. LEXIS 32963, at *13 (S.D. Cal. Mar. 9, 2012).

[16] *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 332-33 (D.S.C. 1999).

[17] *See, e.g., Millennium Enters. v. Millennium Music, Ltd. P'ship*, 33 F. Supp. 2d 907, 911 (D. Or. 1999); *NuboNau, Inc. v. NB Labs, Ltd.*, No. 10cv2631-LAB (BGS), 2012 U.S. Dist. LEXIS 32963, at *13 (S.D. Cal. Mar. 9, 2012); *Dawson v. Pepin*, 2001 U.S. Dist. LEXIS 10074 (W.D. Mich. 2001); *Fruit of the Loom, Inc. v. En Garde, LLC*, 2017 U.S. Dist. LEXIS 136851 n.2 (W.D. Ky. 2017); *Edberg v. Neogen Corp.*, 17 F. Supp. 2d 104, 112 (D. Conn. 1998).

### C. A Play Card is not necessarily a "gift card," and even if it were, it does not evidence purposeful availment of California law.

The Opposition argues Defendants avail themselves of California law because a Play Card has potentially been sold to a California resident, and Arcadia Play Cards are "gift cards" under Cal. Civ. Code §§ 1749.45–.6. Assuming the Arcadia Play Cards are, in fact, subject to that statute, that is not enough to establish that Defendants' litigation-related conduct shows purposeful availment of California law. In *Boschetto v. Hansing*, the Ninth Circuit denied personal jurisdiction to a person who sold a car to a Californian over eBay, because there were no continuing commitments—it was a "one shot affair."[18] The same is true here, and plus, whatever continuing commitments might attach to that Play Card have nothing to do with this case. Plaintiff's arguments effectively contravene the long-standing rule that "[m]erely contracting with a resident of the forum state is insufficient to confer specific jurisdiction over a nonresident."[19]

Further, it is questionable that that statutory section applies. The statute, regulating "gift certificates," does not define what qualifies as a "gift card," as acknowledged by the California Court of Appeals in *Freeman v. Walmart Stores, Inc.*[20] No case law appears to have attempted to define "gift card" under the foregoing statute. Conclusions about the application of untested and ambiguous statutory provisions are not given a presumption of correctness in connection with consideration of a motion to dismiss.

There is no reason the Court need define "gift card," because the facts do not support Plaintiff's argument that Defendants have assumed obligations or received protections under the statute: Eric Hensley's Declaration identifies one sale of Play

---

[18] 539 F.3d 1011, 1018 (9th Cir. 2008).

[19] *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1149 (9th Cir. 2017) (quoting *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

[20] 111 Cal. App. 4th 660, 666 (Cal. 4th Dist. App. 2003).

Cards to a person who identified himself as a California resident, but nowhere in Hensley's Declaration, and nowhere in Plaintiff's Complaint is there an allegation that such sale actually occurred in California.  The sale could have occurred via the purchaser's iPad, smartphone, or laptop computer while the purchaser was present in another state.  Similarly, Eric Hensley's Declaration does not state that payment for the play card at issue went through a California bank.  Therefore, this Court should disregard the Opposition's repeated "conclusions" that the transaction at issue actually occurred in California.

Plaintiff says this Court must resolve the factual question of whether Arcadia Play Cards are shipped out of state after an online sale.  But all Plaintiff can offer is raw speculation in the face of sworn statements by the Hensleys, and Deux Ron's automatically generated email that says Play Cards "will NOT be shipped."[21] Speculation is not a "dispute" of facts.

## II. Deux Ron's actions are not enough to subject its officers to personal jurisdiction in California.

Even if Deux Ron is subject to personal jurisdiction in this forum, Ron Hensley and Eric Hensley are not.  In its arguments in favor of jurisdiction over Ron and Eric Hensley, Plaintiff turns the doctrine of *respondeat superior* on its head, by attempting to impute the alleged liability of Deux Ron, Inc. to two of its officers.  Plaintiff cites *Doe v. Roman Catholic Archbishop of Los Angeles*[22] as support, but that case simply applies *respondeat superior* in the way it is actually used, i.e., to make the principal liable for the acts of its agents.

Here, Ron and Eric Hensley are merely accused of being the President and Vice-President, respectively, of Deux Ron, Inc.  The Complaint accuses neither of being a primary or direct participant in alleged infringement.[23]  Plaintiff's Opposition

---

[21] (*See* Plaintiff's Opposition Ex. 23.)

[22] 247 Cal. App. 4th, 953, 969 (2016).

[23] Plaintiff's Opposition makes that accusation at page 6, but that is not cognizable evidence.

points to *Allstar Marketing Group, LLC v. Your Store Online, LLC*, but notable in that decision is that there the allegations were uncontroverted that the individual defendants "personally participated and encouraged the sales of allegedly infringing products to this district."[24]

The Opposition's argument that this Court should "presume" the Hensleys' individual responsibility simply because they are officers of the company who executed Declarations on personal knowledge (Opposition, p. 3, lines 2–4) is at odds with the very cases they cite, which require direct, primary participation in the accused act.[25]

It is not enough for Ron or Eric Hensley to have been aware of, or even actively participated in the creation or management of content appearing on Deux Ron's website. Rather, the conduct that is alleged to touch California involves the single sale of Arcadia Play Cards to an individual self-identified as being a California resident.[26] Nowhere in the Declarations of the Hensleys is there an admission that either man personally participated in this activity. The alleged conduct of Ron and Eric Hensley is insufficient to establish that the assertion of personal jurisdiction is reasonable.

### III. The Central District of California is not the appropriate venue for this case.

Under 28 U.S.C. §1391(a), venue is proper in the district where the defendant resides. There is no dispute that all three defendants reside within the Eastern District of Tennessee. This fact effectively answers Plaintiff's question "why the Eastern District of Tennessee would at all be an appropriate venue for this action," as stated in the Opposition.[27]

---

[24] 666 F. Supp. 2d 1109, 1120-21 (C. D. Cal. 2009).

[25] *See Allstar Marketing Group*, 666 F. Supp. 2d at 1121.

[26] (*See, e.g.*, Eric Hensley Declaration, ¶ 11.)

[27] Opposition, p. 14.

7
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

1524751

The Opposition appears to concede that venue is not based on 28 U.S.C. §1391(b), which requires that "a substantial part of the events or omissions giving rise to the claim occurred" in the district.[28] That leaves subsection (c) of the statute—that venue is proper where the Court can reasonably assert personal jurisdiction over the defendant. As amply demonstrated in their Motion and further explained in this Reply, there are insufficient contacts connecting Defendants to this forum to make the assertion of personal jurisdiction reasonable under due process scrutiny. Therefore, the Court should dismiss under Fed. R. Civ. P. 12(b)(3) or transfer this case to the Eastern District of Tennessee.

## IV. The Court Should Deny Plaintiff's Request for Jurisdictional Discovery.

The Court should reject Plaintiff's requests for "limited" jurisdictional discovery to support its claim that this Court's exercise of personal jurisdiction over Defendants is proper. First, there is nothing "limited" about what Plaintiff proposes: Its broad list of nine topics (Opposition, Page 13) range from Defendants" business transactions, corporate structure, Hensley family members' participation in the business, alter ego theory (which is not even alleged in the Complaint), etc. Clearly, Plaintiff wishes to engage in broad-based merits discovery, not just "limited" jurisdictional discovery.

Second, even the cases cited by Plaintiff state that jurisdictional discovery, if appropriate, is granted where facts bearing on jurisdiction **are in reasonable dispute**. In *Orchid Biosciences, Inc. v. St. Louis University,* cited in the Opposition, the Magistrate Judge granted limited jurisdictional discovery where the movant's principal declarant submitted affidavits that contradicted themselves and Defendant conceded during oral argument that a genuine factual dispute existed concerning the

---

[28] *Id.,* p. 13 (after citing to subsections (b) and (c) of §1391, the Opposition simply says, "As stated above, Defendants are subject to this Court's personal jurisdiction" but does not argue that a substantial portion of material events occurred in the forum.

8
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(3), OR IN THE ALTERNATIVE, TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404, 1406, 1631

1524751

contacts identified in the key affidavit.[29]  Here, Plaintiff has produced no evidence in response to Defendants' Motion that reasonably disputes facts asserted by Defendants in submitted Declarations.

Case law illustrates numerous bases for denying jurisdictional discovery, all relevant here:

- "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction"[30];
- "when Plaintiff's moving papers contain 'little more than a hunch that [jurisdictional discovery] might yield jurisdictionally relevant facts'"[31];
- where Plaintiffs "state(d) only that they 'believe' discovery will enable them to demonstrate sufficient California business contacts to establish the Court's personal jurisdiction"[32];
- where the request amounts to a "fishing expedition"[33];
- where the Plaintiff fails to show that further discovery would change the outcome of the Motion to Dismiss.[34]

Underscoring the speculative, "fishing expedition" nature of Plaintiff's proposed discovery, not one of the nine areas of proposed discovery relates to the subject matter of Defendants' alleged wrongful conduct in relation to California: namely, the use of the mark ARCADIA in connection with goods and services.  All agree that the Defendant's forum-related activities must give rise to the claim upon which Plaintiff complains in order to satisfy the test for specific personal

---

[29] 198 F.R.D. 670, 674 (S.D. Cal. 2001)

[30] *Wells Fargo and Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

[31] *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

[32] *Butcher's Union Local Number 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

[33] *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 2015 U.S. Dist. LEXIS 192686 at *31 (C.D. Cal. July 2, 2015).

[34] *Laud v. United States Department of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

jurisdiction.[35] Because Plaintiff's requests for discovery are not reasonably related to claim-related activity of Defendants or facts that Plaintiff disputes, this Court should deny Plaintiff's request for jurisdictional discovery.

## V. CONCLUSION

Plaintiff cannot rely on manufactured evidence to support personal jurisdiction. In effect, then, Plaintiff has produced no evidence to rebut Defendants' Motion and the declarations of Ron and Eric Hensley, which provide more than sufficient support for Defendants' Motions. Respectfully, this Court should hold that personal jurisdiction over Defendants is not appropriate in this forum and should dismiss this case. Alternatively, the Court should transfer this case to the Eastern District of Tennessee.

DATED: August 13, 2018

Respectfully submitted,

GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP

By: /s/ Erica J. Van Loon

ERICA J. VAN LOON
   *Attorneys for Defendants*
   *Deux Ron, Inc., Rob Hensley,*
   *and Eric Hensley.*

JOHN G. JACKSON (*admitted pro hac vice*)
CHAMBLISS, BAHNER & STOPHEL, P.C.
605 Chestnut St., Suite. 1700
Liberty Tower
Chattanooga, Tennessee 37450
TEL: 423.756.3000
FAX: 423.508.1246
Email: jjackson@chamblisslaw.com

---

[35] *Schwarzenegger v. Fred Martin Motor Company,* 374 F.3d 797, 802 (9th Cir. 2004)